United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STANLEY V. WELLS,

         Petitioner,

   v.

E. SILVIA,

         Respondent.

Case No. 26-cv-02365-NW

**ORDER TO SHOW CAUSE**

Petitioner Stanley V. Wells, a state prisoner, filed the instant *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence in Santa Clara County Superior Court. Wells' petition is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases. For the reasons set forth below, the Court **DISMISSES** Wells' Fourth Amendment claim and **ORDERS** Respondent to file an answer showing why the petition should not be granted as to the remaining claims.

I.      **BACKGROUND**

Wells' charges arose following the November 2004 forcible rape and robbery of Jane Doe while she was in her home in Palo Alto.[1] After Doe was raped, she was tied up and placed into a closet as the assailant stole various items from her home, including jewelry, electronics, and Doe's ATM card. Doe was eventually able to call police, and she was examined by a Sexual Assault Response Team ("SART") nurse at the hospital, where suspected semen was collected from Doe's

---

[1] The Court takes judicial notice of the appellate opinion issued for Wells' criminal case, *People v. Wells*, No. H031453, 2009 WL 206532, at *1 (Cal. Ct. App. Jan. 29, 2009). *See* Fed. R. Evid. 201(b); *see also Rosales Martinez v. Palmer*, 753 F.3d 890 (9th Cir. 2014) (courts may take judicial notice of proceedings in other courts). Unless otherwise indicated, the factual allegations in this section are from the opinion.

body and tested for DNA.  The DNA profile from the semen was later matched to a sample taken from Wells.

A jury convicted Wells of forcible sodomy (Cal. Pen. Code § 286(c)(2)), forcible sexual penetration (Cal. Pen. Code § 289(a)(1)), residential robbery (Cal. Pen. Code §§ 211, 212.5(a)), first degree burglary (Cal. Pen. Code §§ 459, 460(a)), and felony false imprisonment (Cal. Pen. Code §§ 236, 237).  The jury found that the sexual offenses were committed during the commission of a burglary.  The trial court found that Wells had six prior strikes (Cal. Pen. Code §§ 667(b)–(i), 1170.12), four prior serious felonies (Cal. Pen. Code § 667(a)), two prison priors (Cal. Pen. Code § 667.5(a)), and a prior rape conviction (Cal. Pen. Code §§ 667.6(a), 667.61(a) & (d)).  The trial court then sentenced Wells to an indeterminate term of 152 years to life, consecutive to a determinate term of 60 years.

## II.    STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

## III.    DISCUSSION

Wells alleges that his rights to due process and confrontation were violated by the introduction of faulty DNA evidence in his case, as well as the trial court's order preventing him from challenging other aspects of the DNA evidence during trial.  *See* ECF No. 1 at 2. Specifically, Wells alleges that the DNA profile referenced by lab technicians contained errors and that the trial court barred the defense from presenting evidence to challenge the alleged errors.  *See* ECF No. 1 at 16.  Liberally construed, the claims appear cognizable under 28 U.S.C. § 2254 and merit an answer from Respondent.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (district courts have a "'duty . . . to construe pro se pleadings liberally'").

Wells also alleges that police did not have probable cause to arrest him, which

United States District Court
Northern District of California

subsequently led to the extraction of additional DNA evidence from Wells.  The Court interprets the claim as a Fourth Amendment claim.  Fourth Amendment claims are generally not cognizable under 28 U.S.C. § 2254 unless the petitioner's state does not provide "an opportunity for full and fair litigation of a Fourth Amendment claim."  *Stone v. Powell*, 428 U.S. 465, 494–95 (1976). *Stone v. Powell* requires only the initial opportunity for a fair hearing; where a criminal defendant had such an opportunity for a fair hearing, a federal habeas court is foreclosed from inquiring into the claim.  *See Caldwell v. Cupp,* 781 F.2d 714, 715 (9th Cir. 1986).

Here, Wells does not allege the absence of these procedures and the appellate opinion for his underlying criminal case shows that Wells filed a motion to suppress prior to trial and raised the claim on appeal; he therefore thoroughly litigated the probable cause issue in state court.  *See Wells*, 2009 WL 206532 at *7–8.  As Wells had an opportunity to fully and fairly litigate this claim, it is not cognizable in this matter.  The Fourth Amendment claim is **DISMISSED WITHOUT LEAVE TO AMEND**.  *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

## IV.    CONCLUSION

The Court orders as follows:

1.  Wells states cognizable due process and confrontation clause claims related to the use of the DNA evidence against him.

2.  Wells' Fourth Amendment probable cause claims are **DISMISSED WITHOUT LEAVE TO AMEND**.

3.  The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses:  SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall also mail a copy of this order to Wells.

4.  Within 60 days of the issuance of this order, Respondent is **ORDERED** to file with

United States District Court
Northern District of California

the Court and serve on Wells an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Wells a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

5. If Wells wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.

6. In lieu of filing an answer, Respondent may instead file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Wells must serve and file an opposition or statement of non-opposition within 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition within 14 days after Wells' opposition is served and filed.

7. Wells is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

8. Wells must also keep the Court and Respondent informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated: July 14, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

4